UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-545-GWU

WILLIAM D. MADDEN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

William Madden brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

06-545 Madden

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Madden, a 53 year-old former coal truck driver with a "limited" education, suffered from impairments related to dysthymia and an anxiety disorder. (Tr. 16, 19). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 18-19). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 20). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Joyce Forrest included such non-exertional limitations as an inability to perform jobs requiring attention and concentration for extended time periods, an inability to perform work requiring many changes in the work setting, and a possibility of missing work occasionally once or twice a month. (Tr. 251-252). In response, the witness identified a significant number of jobs in the national economy which could still be

performed. (Tr. 252). Therefore, assuming that the vocational factors considered by Forrest fairly depicted Madden's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Psychologist William Rigby examined Madden and diagnosed dysthymia and an anxiety disorder. (Tr. 152). The plaintiff's Global Assessment of Functioning (GAF) was rated at 64. (Id.). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision) (DSM-IV-TR), p. 34. The examiner indicated that the claimant would have a "fair" ability to relate to others and tolerate stress and pressures of work activity. (Id.). The hypothetical question did not fully reflect these limitations. However, Madden had no non-exertional limitations. Social Security Ruling 85-15 indicates that when a person's only impairment is mental, a finding of disabled status would not be required unless the mental problems cause a "substantial" loss of ability to understand, remember and carry out simple instructions, respond appropriately to supervision, co-workers, and usual work situations, or to deal with changes in the routine work setting. The mild limitations suggested by Rigby do not impose such serious restrictions. Therefore, this opinion ultimately supports the administrative finding that the plaintiff was not totally disabled.

Psychologists Edward Stodola (Tr. 168-169) and Lea Perritt (Tr. 189-190), the non-examining medical reviewers, each opined that Madden would be "moderately"

limited in such areas as maintaining attention and concentration, completing a normal work day and work week without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, and responding appropriately to changes in the work setting. The hypothetical factors were essentially consistent with these opinions. Certainly neither suggests the type of "substantial" loss of ability which Social Security Ruling 85-15 indicates would support a finding of disabled status. Therefore, substantial evidence supports this portion of the administrative decision.

The ALJ also properly concluded that Madden did not suffer from a "severe" physical impairment. Dr. Mark Burns examined the plaintiff and noted that his physical and orthopedic examinations were normal. (Tr. 144). Dr. Burns opined that the claimant would not be limited in sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking and traveling. (Id.). Dr. Timothy Gregg (Tr. 173-174) and Dr. Allan Dawson (Tr. 193-194), the non-examining medical reviewers, each opined that Madden's physical problems were "less than severe." Dr. Anne Wasson, a treating source, did not identify the existence of any physical restrictions. (Tr. 204-211, 226). The doctor specifically noted that there was no evidence of Parkinson's disease. (Tr. 226). These reports provide substantial evidence to support the administrative decision.

Madden argues that the ALJ erred in rejecting the opinion of Dr. Roy Varghese, another treating physician. The doctor identified extremely severe

physical limitations. (Tr. 195-196). When these restrictions were presented to Forrest, she could name no jobs which could be performed. (Tr. 251). The ALJ noted that Dr. Varghese's treatment records did not contain medical signs and laboratory findings to corroborate his diagnoses of degenerative arthritis, hand tremors and back pain and that his opinion appeared to be based on the patient's subjective complaints. (Tr. 17). Thus, it was not entitled to superior weight. (Id.). This finding is appropriate. The doctor's sparse treatment notes during the time period relevant to this appeal relate mainly to heart problems which were not related to the restrictions ultimately relied upon by the physician in determining his functional limitations. (Tr. 197-203, 212-225). As previously noted, Dr. Burns indicated that the claimant's orthopedic and physical examinations had been within normal limits. Under these circumstances, Dr. Varghese's opinion was properly rejected by the ALJ.

Madden argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

06-545  Madden

In the present action, Madden was not found to be suffering from a potentially painful condition. The reports of Dr. Burns and Dr. Wasson do not even support the existence of a "severe" physical impairment. Dr. Varghese's contrary opinion was properly rejected. The claimant does not meet either of the alternative second prongs since the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Madden's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 24th day of October, 2007.



Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**